IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 1 7 2009

GREGORY C. LANGHAM
CLERK

Civil Action No. 09-cv-02173-BNB

BENJAMIN K. BANKS,

      Applicant,

v.

TRAVIS TRANI, Warden, and
ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER TO SUPPLEMENT PRE-ANSWER RESPONSE

---

      Applicant, Benjamin K. Banks, is in the custody of the Colorado Department of
Corrections and currently is incarcerated at the Limon Correctional Facility.  Mr. Banks
initiated this action by filing, through counsel, an Application for a Writ of Habeas
Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Case
No. 99-CR-1486 in the Jefferson County District Court of Colorado.

      As part of the preliminary consideration of the habeas corpus application, the
Court determined that a limited Pre-Answer Response was appropriate.  Therefore, on
September 17, 2009, Respondents were directed, pursuant to Rule 4 of the Rules
Governing Section 2254 Cases in the United States District Courts, to file a Pre-Answer
Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C.
§ 2244(d) and/or exhaustion of state court remedies.  After receiving an extension of
time, Respondents filed a Pre-Answer Response on October 21, 2009, arguing that Mr.
Banks' Application is untimely, and that certain of his claims are procedurally barred.

After also receiving an extension of time, Mr. Banks filed a reply on November 30, 2009.

The Court has reviewed Respondents' Pre-Answer Response and has determined that a supplement is required.  Although Respondents were directed to submit with the Pre-Answer Response any relevant state court documents to support the defenses of timeliness and failure to exhaust, Respondents have failed to submit as exhibits all relevant portions of the state court record.  In particular, Respondents allege that on December 19, 2002, Mr. Banks filed a letter with the state court requesting that counsel be appointed for purposes of filing a Rule 35(c) motion.  Respondents argue that this letter should not serve to toll the one-year statute of limitations, because it failed to set forth any grounds for relief.  However, Mr. Banks characterizes this letter as a Rule 35(c) motion, and argues that the letter should toll the one-year statute of limitations.  Without documentation to support Respondents' position that the December 19, 2002, filing is no more than a request for appointment of counsel, the Court is unable to determine definitively whether the Application is timely.

Therefore, Respondents will be directed to file a supplement to the Pre-Answer Response and to provide the requested documentation as discussed in this order.  Accordingly, it is

ORDERED that **within twenty days from the date of this order** Respondents shall file a supplement to the Pre-Answer Response that complies with this order.

2

DATED December 17, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  09-cv-02173-BNB

Robert G. Levitt
Attorney at Law
**DELIVERED ELECTRONICALLY**

John D. Seidel
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 12/17/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk