IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02173-BNB

BENJAMIN K. BANKS,

    Applicant,

v.

TRAVIS TRANI, Warden, and
ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 19 2010

GREGORY C. LANGHAM
CLERK

---

## ORDER OF DISMISSAL

---

Applicant, Benjamin K. Banks, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Limon Correctional Facility. Mr. Banks initiated this action by filing, through counsel, an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Case No. 99-CR-1486 in the Jefferson County District Court of Colorado.

In an order entered on September 17, 2009, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). After receiving an extension of time, Respondents filed a Pre-Answer Response on October 21, 2009. After also receiving an extension of time, Mr. Banks filed a Reply on November 30, 2009.

On December 17, 2009, Magistrate Judge Boland determined that a supplement to the Pre-Answer Response was required, because Respondents failed to submit as exhibits all relevant portions of the state court record. Respondents filed a supplement to the Pre-Answer Response on December 28, 2009. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

On July 18, 2000, a jury found Mr. Banks guilty of forty counts, including one violation of the Colorado Organized Crimes Act, four counts of possession of controlled substances, one count of theft over $15,000, one count of computer crime, seventeen counts of first degree forgery, twelve counts of possession of a forged instrument, one count of forgery of a commercial instrument, one count of conspiracy to possess controlled substances, and two counts of theft. Pre-Answer Resp. Ex. A at p. 31-33 (State Court Register of Action). On August 25, 2000, the trial court sentenced Mr. Banks to a combination of prison sentences totaling eighty-four years. *Id.* at 34-35.

Mr. Banks filed a direct appeal to the Colorado Court of Appeals (CCA). *Id.* The CCA affirmed his conviction on June 27, 2002. **See People v. Banks**, No. 00CA1859 (Colo. App. June 27, 2002) (unpublished opinion). Mr. Banks petitioned the Colorado Supreme Court (CSC) for certiorari review, which the CSC denied on November 18, 2002. Pre-Answer Resp. at Ex. X.

On December 19, 2002, Mr. Banks filed a letter with the trial court, requesting appointment of counsel for purposes of filing a post-conviction motion. Pre-Answer Resp. Ex. A at p. 38. On March 4, 2003, the trial court appointed counsel. *Id.* On December 9, 2004, post-conviction counsel for Mr. Banks withdrew because, after investigating the case, counsel "could find no good faith basis" for Mr. Banks' claims of

ineffective assistance of trial counsel. Pre-Answer Resp. Ex. T at p. 6.

On December 29, 2004, Mr. Banks filed a *pro se* motion pursuant to Colo. R. Crim. P. 35(c). Pre-Answer Resp. Ex. A at p. 38. The trial court denied the Rule 35(c) motion by order dated August 3, 2005. *Id.* at 39. Mr. Banks filed an appeal, and the CCA affirmed the trial court on May 24, 2007. **See People v. Banks**, No. 05CA1896 (Colo. App. May 24, 2007) (unpublished opinion). Mr. Banks petitioned the CSC for certiorari review, which the CSC denied on October 9, 2007. Pre-Answer Resp. at Ex. N. Mr. Banks also petitioned the United States Supreme Court (USSC) for certiorari review, which the USSC denied on October 1, 2007. *Id.* at Ex. L.

On December 3, 2007, Mr. Banks filed a second post-conviction motion. Pre-Answer Resp. Ex. A at p. 39. The trial court issued two orders dated January 21, 2008, and February 13, 2008, denying the motion on the grounds that the claims were successive. *Id.* Mr. Banks filed an appeal, and the CCA affirmed the trial court on August 28, 2008. **See People v. Banks**, No. 08CA0403 (Colo. App. Aug. 28, 2008) (unpublished opinion). Mr. Banks petitioned the CSC for certiorari review, which the CSC denied on January 26, 2009. Pre-Answer Resp. at Ex. C.

Mr. Banks filed the instant action on September 11, 2009. In the Application, Mr. Banks asserts seven claims.

Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

3

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. Banks' criminal case became final. Because Mr. Banks filed a direct appeal, his conviction became final ninety days after November 18, 2002, the date the CSC denied certiorari review. *See* 28 U.S.C. § 2244(d)(1)(A). Therefore, the Court finds that Mr. Banks's conviction became final on February 17, 2003.[1] As such, the one-year limitation period began to run on

---

[1] The ninetieth day after November 18, 2002, was February 16, 2003. However, February 16, 2003, was a Sunday. Therefore, the filing deadline extended until February 17, 2003. *See* C.A.R. 26(a).

4

February 18, 2003, the next business day after the conclusion of the time to appeal. **See, e.g., Locke v. Saffle**, 237 F.3d 1269, 1273 (10th Cir. 2003).

The Court must next determine whether any of Mr. Banks' state court post-conviction motions tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. An application for post-conviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." **Artuz v. Bennett**, 531 U.S. 4, 8 (2000). The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

**Habteselassie v. Novak**, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a postconviction motion is pending is a matter of federal law. **See Gibson v. Klinger**, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." **Barnett v. Lemaster**, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitation period is tolled during the period in which the petitioner could have sought an appeal under state law." **Gibson**, 232 F.3d at 804.

Mr. Banks argues that the one-year limitation period should be tolled as of

December 19, 2002, the date he filed a letter with the trial court requesting appointment of counsel for purposes of filing a post-conviction motion. Application at 6. Mr. Banks further asserts that this letter was actually "a properly filed postconviction motion." Reply at 1. Respondents argue that this letter did not toll the limitation period as it was "'not a properly filed application for State postconviction review' of his conviction, because it did not assert any grounds for 'review.' It only sought counsel to draft claims for later filing." Pre-Answer Resp. at 8. Upon review of Mr. Banks' December 19, 2002, letter to the state court, attached to Respondents' Supplement to the Pre-Answer Response, the Court finds that the letter fails to assert any substantive postconviction claims. Pre-Answer Resp. Supplement at Ex. W4. Instead, the letter contains nothing more than a simple request for appointment of postconviction counsel. *See id.*

In *Pursley v. Estep*, 216 Fed. Appx. 733, 734 (10th Cir. Feb. 8, 2007) (unpublished decision), the Tenth Circuit noted that a motion for appointment of counsel filed by a habeas petitioner which "did not 'state adequate factual or legal grounds for relief,' as required for tolling under Colo. R. Crim. P. 35(c)(3)(iv)," would not serve to toll the limitation period. *Id.* (citing *Robinson v. Golder*, 443 F.3d 718, 720 (10th Cir. 2006) (holding that a motion for state post-conviction relief is "properly filed" only if it satisfied the state's procedural requirements)). Like the *Pursley* court, this Court finds that because Mr. Banks' motion for appointment of counsel did not state any "factual or legal grounds for relief," its filing did not toll the limitation period. *Id.* Therefore, the one-year limitation period began running on February 18, 2003, and ran un-tolled until it expired on February 18, 2004.

Because the one-year limitation period expired before Mr. Banks filed his first

6

postconviction motion on December 29, 2004, that motion, and any subsequent motions, could not have tolled the one-year limitation period. **See Clark v. Oklahoma**, 468 F.3d 711, 714 (10th Cir. 2006) (stating that state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period). Accordingly, the Court finds that the limitation period expired approximately five years, six months and twenty-four days prior to the filing of the application on September 11, 2009. Therefore, the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. **See Miller v. Marr**, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if (1) the inmate is actually innocent; (2) an adversary's conduct or other uncontrollable circumstances prevents the inmate from timely filing; or (3) the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. **See Gibson**, 232 F.3d at 808. Simple excusable neglect, however, is not sufficient to support equitable tolling, **see id.**, and "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." **Marsh v. Soares**, 223 F.3d 1217, 1220 (10th Cir. 2000) (internal quotation marks and citation omitted). Furthermore, equitable tolling is appropriate only if the inmate pursues his federal claims diligently. **See Miller**, 141 F.3d at 978. Finally, Mr. Banks bears the burden of demonstrating that equitable tolling is appropriate in this action. **See id.** at 977; **see also Yang v. Archuleta**, 525 F.3d 925, 928 (10th Cir.

2008) (finding that "an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." (internal quotation marks and citation omitted)).

Mr. Banks asserts that he is entitled to equitable tolling because he has "'actively pursued his judicial remedies' but was opposed by ineffective counsel during the postconviction process." Reply at 3. He further asserts that he "made repeated requests to his appointed counsel to actively pursue his state postconviction motion, but Ms. Martin failed to do so in any meaningful manner." *Id.* However, the Tenth Circuit has recognized that "[h]abeas counsel's negligence is not generally a basis for equitable tolling because '[t]here is no constitutional right to an attorney in state post-conviction proceedings.'" **Fleming v. Evans**, 481 F.3d 1249, 1255 (10th Cir. 2007) (quoting **Coleman v. Thompson**, 501 U.S. 722, 752 (1991)). Instead, "'[t]he rationale is that attorney negligence is not extraordinary and clients, even if incarcerated, must vigilantly oversee, and ultimately bear responsibility for, their attorneys' actions or failures." **Fleming**, 481 F.3d at 1255-56 (citing **Modrowski v. Mote**, 322 F.3d 965, 968 (7th Cir. 2003) (internal quotations and citation omitted)). In **Fleming**, the Tenth Circuit found sufficiently egregious misconduct on the part of a habeas petitioner's counsel to justify equitable tolling where counsel repeatedly made deceitful assurances to the petitioner that a habeas petition would be filed. *Id.* Here, Mr. Banks' allegation do not amount to egregious misconduct. He does not allege any facts suggesting his attorney intentionally misled him.

Moreover, Mr. Banks does not establish that he diligently pursued his federal claims while waiting for counsel to file a postconviction motion. **See Miller v Marr**, 141

F.3d 976, 978 (10th Cir. 1998) (finding that the petitioner "provided no specificity regarding the alleged . . . steps he took to diligently pursue his federal [habeas] claims . . . . It is apparent that [petitioner] simply did not know about the limitation in the AEDPA until it was too late.") (citations omitted); *cf. Fleming*, 481 F.3d at 1257 (finding that each time petitioner inquired, his counsel assured him that his petition was being prepared and that, within a week or two of that conversation, the petition would be filed, but no petition was filed; aware that the one-year limitation period was fast approaching, Fleming drafted his own petition and submitted the draft to his counsel for review and filing in state court, but his counsel failed to file it until after the AEDPA limitation period expired).

Accordingly, the Court finds that this case does not present one of those "rare and exceptional circumstances" in which the untimely filing of a federal habeas petition should be equitably tolled. *Gibson*, 232 F.3d at 808. Therefore, under 28 U.S.C. § 2244(d), Mr. Banks is time-barred from filing a federal habeas corpus action in this Court.

Because the action clearly is time-barred, the Court will refrain from addressing whether Mr. Banks has exhausted his state court remedies. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this 19th day of January, 2010.

BY THE COURT:

_s/ s/_ for
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02173-BNB

Robert G. Levitt
Attorney at Law
**DELIVERED ELECTRONICALLY**

John D. Seidel
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

     I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 1/19/10

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk